**LOCAL JOINT EXECUTIVE BOARD OF SPOKANE et al., Plaintiffs-Appellees,**

v.

**SPOKANE LODGE NO. 228, BENEVOLENT & PROTECTIVE ORDER OF ELKS, Defendants-Appellants.**

**No. 23602.**

United States Court of Appeals,
Ninth Circuit.

May 28, 1971.

R. Max Etter, Sr. (argued), Spokane, Wash., Thomas K. Cassidy, Seattle, Wash., for defendants-appellants.

Hugh Hafer (argued), Lawrence Schwerin, of Bassett, Donaldson & Hafer, Seattle, Wash., for plaintiffs-appellees.

Before TUTTLE,* BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM.

Local Joint Executive Board of Spokane and two of its local unions (Joint Board) brought this action for breach of a collective bargaining agreement pursuant to section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185. The defendant, Spokane Lodge No. 228, Benevolent and Protective Order of Elks (Spokane Lodge), raised fraud, mutual mistake, and lack of authority in its manager to enter into the agreement as affirmative defenses to the existence of an enforceable contract. The case was submitted to a jury on the issue of liability, and the jury found for the defendant, Spokane Lodge. The trial judge granted plaintiff's motion for judgment notwithstanding the verdict and entered judgment in favor of Joint Board, from which Spokane Lodge appeals.

In ruling on a motion for judgment notwithstanding the verdict, as on a motion for directed verdict, the court must view the evidence and all reasonable inferences to be drawn from it in the light most favorable to the party that obtained the verdict, and we must do likewise on appeal. Continental Ore Co. v. Union Carbide & Carbon Corp., 1962, 370 U.S. 690, 696 n. 6, 82 S.Ct. 1404, 8 L.Ed.2d 777.

We have thus viewed the trial record, and we agree with the District Judge that the jury could not reasonably have found for the defendant on any of the grounds urged below. While the statement of the representative of the Joint Board that the contract was the same as those previously entered into between the parties may have been a material misrepresentation, the jury could not reasonably have found that Spokane Lodge was justified in placing reliance on it. The contract was read and understood by Spokane Lodge's manager; its terms are clear and unambiguous; he could have compared it with what past agreements existed but failed to do so. Neither fraud nor mutual mistake was proved. The undisputed evidence also compels the conclusion that the manager had apparent authority to execute the contract and thus to bind Spokane Lodge to performance of its terms.

The judgment is affirmed.